Martin, J.
delivered the opinion of the court. The 15th article of the regulations of the police jury provides that where a planter shall neglect to make the requisite repairs to his levee, on notice from the syndic, that officer will cause them to be done by slaves, put in requisition by the officer in his district, whom the judge will order to be paid out of the parish treasury, on the syndic's detailed account, and will condemn the delinquent to refund the amount.
*743 The defendant contends that his obligation to pay for the work done, does not arise ex contractd but has for its origin the law, and the same law which imposes the obligation (if any) has fixed the particular mode in which he is to become liable: not on the claim of the owners of any number of slaves employed by the syndics, without any knowlege in the plaintiff of their respective rights, which would subject him to a multitude of vexatious suits, but has postponed his liability, till an account made up by the officer who superintended the labour, shall have been presented to the investigation of the parish judge and received his approbation. and protects the delinquent till after his refusal to pay, which implies a demand by notice of a specific sum for the whole amount due for the work. This regulation of the police jury, does not leave to the owners of the slaves put in requisition by the syndic, the right of an immediate and distinct suit against the delinquent planter. It appears to us a very convenient regulation, but if its inconveniency was equally apparent, we would answer ita scripta est lex. It is true he situation of the parish treasury may occasion some delay, but the planters who composed the police jury probably considered that no one could complain of this, as if the circumstance of an empty *744 treasury, bore occasionally hard on a number of owners of slaves, called out on a sudden emergency, the disadvantage is not equal to that of a planter, harrassed by simultaneous and numerous for claims the correctness of which he could not test with facility.
It is true, in the present case, the work was performed on a specific order of the police jury called ad hoc by the judge, who directed payment by the cubic toise, instead of the work by the day, as in ordinary cases: and the legality of the call and subsequent order has been questioned. Admitting the legality of both, as no mode of payment by the defendant was pointed out, he certainly had the benefit of any general regulations made in prci materia, not expressly or necessarily repealed by the latter.
The plaintiff was so sensible of this, that we find he finally sought and obtained his payment in the legal way.
This court is of opinion that he mistook, and the parish judge erred in sustaining his action, the judgment is therefore avoided, annulled and reversed, and it is ordered, adjudged and decreed that there be judgment for the defendant, with costs of suit in both courts.